NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 25, 2009
Decided March 26, 2009

**Before**

WILLIAM J. BAUER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-2987

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:06CR00107-001 |
| ISAIAS BARRIOS-LOPEZ, *Defendant-Appellant*. | David F. Hamilton, *Chief Judge*. |

**O R D E R**

Isaias Barrios-Lopez pleaded guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute 500 grams of cocaine, 21 U.S.C. §§ 841(a)(1), 846, possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), and being present in the United States without authorization, 8 U.S.C. § 1326(a), (b)(2). He was sentenced to a total of 387 months' imprisonment and 5 years' supervised release. Barrios-Lopez appeals his convictions, but his counsel moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California*, 386 U.S. 738 (1967). Barrios-Lopez has responded to counsel's submission, *see* CIR. R. 51(b), and we limit our review to the potential issues identified in counsel's facially adequate brief and Barrios-Lopez's submission. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Counsel first informs us that Barrios-Lopez does not wish to withdraw his guilty plea, and so he properly refrains from discussing the adequacy of the plea colloquy or the voluntariness of the plea. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). However, Barrios-Lopez in his 51(b) response asserts only generally that his limited English proficiency prevented him from making a plea that was knowing and voluntary. But that assertion is inconsistent with assurances given to the judge, under oath, when entering the plea. Barrios-Lopez told the judge, through an interpreter, that he fully understood the plea and its terms. The judge asked him specific questions; his responses reflected knowledge. Any argument that the plea was not voluntary would be frivolous.

Barrios-Lopez also contends that his plea was involuntary because his counsel was ineffective. According to Barrios-Lopez, his lawyer guaranteed him a fifteen-year sentence (his actual sentence was more than 27 years) and failed to attend the presentence interview with the probation officer. However, to the extent that Barrios-Lopez is unsatisfied with counsel's performance due to some shortcoming not apparent from this record, claims of ineffective assistance are better suited to a collateral action under 28 U.S.C. § 2255 so that a fuller record can be developed. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Wilson*, 481 F.3d 475, 485 (7th Cir. 2007).

Barrios-Lopez next suggests that violation of his Vienna Convention rights provides some nonfrivolous basis for appeal. Article 36 of the Vienna Convention on Consular Relations, April 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261, provides that upon arrest a foreign national has the right to contact his consulate, and that the arresting officials must inform the prisoner of that right. *See Jogi v. Voges*, 480 F.3d 822, 835 (7th Cir. 2007). It would be frivolous, however, for Barrios-Lopez to argue that the district court committed plain error in failing to inform him of his rights under the Vienna Convention; he does not at all suggest how the absence of this information rendered his guilty plea involuntary or unknowing. And to the extent that Barrios-Lopez believes that his attorney was ineffective for failing to raise the issue, this claim too is better pursued in a collateral proceeding. *See Osagiede v. United States*, 543 F.3d 399, 408 (7th Cir. 2008).

Counsel finally considers whether Barrios-Lopez might challenge the reasonableness of his sentence. We presume that a sentence within a properly calculated guideline range is reasonable, so long as the district court meaningfully considered the factors set forth in 18 U.S.C. § 3553(a). *Rita v. United States*, 127 S. Ct. 2456, 2462-64 (2007); *United States v. Williams*, 553 F.3d 1073, 1083 (7th Cir. 2009). The court here properly calculated the guidelines range applicable to Barrios-Lopez. The court then discussed the factors under § 3553(a), noting that a within-guidelines range sentence was justified by Barrios-Lopez's multiple drug trafficking convictions and his return to crime after being deported previously. The court further noted the need to protect the public, especially considering

Barrios-Lopez's leadership role in a dangerous gang.  Counsel discerns no reason to upset the presumption of reasonableness, and neither do we.

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.